**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In re:** | Case No.: 6:15-bk-07275-KSJ |
| | **Chapter 11 (Confirmed)** |
| **PROGRESSIVE PLUMBING, INC.** | |
| **PROGRESSIVE SERVICES, LLC and** | Jointly Administered with |
| **GRACIOUS LIVING DESIGN** | Case No. 6:15-bk-07276-KSJ |
| **CENTER, INC.,** | Case No. 6:15-bk-07277-KSJ |
|     Debtors. | |
| _____/ | |
| **PROGRESSIVE PLUMBING, INC.** | |
|     Plaintiff, | |
| v. | Adversary Proceeding No. |
| | Case No. 6:16-ap-00078-KSJ |
| **KAST CONSTRUCTION III, LLC.,** a Florida limited liability company, and **MICHAEL MACDONALD,** an individual, | |
|     Defendants. | |
| _____/ | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

KAST CONSTRUCTION III, LLC ("Kast Construction") and MICHAEL MACDONALD ("Mr. MacDonald") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the complaint and state their Affirmative Defenses as follows:

### PARTIES, JURISDICTION AND VENUE

1. Admitted.

2. Admitetd for jurisdictional purposes; Denied that this court should exercise its jurisdiction given the non-core nature of the majority of claims.

3. Admitted for venue purposes only.

4. Admitted as to Count I; Denied as to remaining counts.

5. Without knowledge.

6. Admitted.

7. Admitted.

## GENERAL ALLEGATIONS

### *The Water Club – North Palm Beach Contract*

8. The subcontract agreement is the best evidence of its content and speaks for itself.

9. Admitted.

10. Denied.

11. Admitted that the letter was sent; Denied as to all other allegations.

12. Denied.

13. Without knowledge.

14. The subcontract agreement is the best evidence of its content and speaks for itself.

15. Denied.

16. The letter is the best evidence of its content and speaks for itself.

17. The email is the best evidence of its content and speaks for itself.

18. Denied.

19. Denied.

20. Admitted to e-mail; Denied as to remaining allegations.

21. Denied.

22. Denied.

23. Admitted to e-mail; Denied as to remaining allegations.

24. Without knowledge.

25. Admitted to e-mail; Denied as to remaining allegations.

26. Admitted to e-mail; Denied as to remaining allegations.

27. Denied.

28. Admitted to e-mail; Denied as to remaining allegations.

29. Admitted to e-mail; Denied as to remaining allegations.

30. Admitted to e-mail; Denied as to remaining allegations.

31. Denied.

32. Admitted as to the occurrence of the meeting; Denied as to remaining allegations.

33. Admitted as to the occurrence of the meeting; Denied as to remaining allegations.

34. Admitted as to the occurrence of the meeting; Denied as to remaining allegations.

35. Admitted to e-mail; Denied as to remaining allegations.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted to e-mail; Denied as to remaining allegations.

42. Admitted to e-mail; Denied as to remaining allegations.

43. Admitted to the letter; Denied as to remaining allegations.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied

52. Denied.

53. Admitted to the letter; Denied as to remaining allegations.

54. The NPB Contract is the best evidence of its content and speaks for itself.

### *Conversion of the Booster System*

55. Without knowledge.

56. Without knowledge.

57. Without knowledge.

58. Admitted as to the Demand Letter.

59. Denied.

60. Admitted as to filing of the motion.

61. Admitted as to entry of the order.

62. Admitted.

63. Denied.

### *The Water Club – St. Pete Contract*

64. Admitted as to entry into of the NPB Contract; Denied as to remaining allegations.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Without knowledge.

70. Denied.

71. The STP Contract speaks for itself and is the best evidence of its content.

72. DKI.

73. Denied.

## COUNT I
## ACTION AGAINST KAST TO COMPEL COMPLIANCE
## WITH TURNOVER ORDER OR PROVIDE VALUE IN LIEU

74. Previously answered.

75. Admitted.

76. Denied.

77. The statute is the best evidence of its content and speaks for itself.

78. Denied.

79. Without knowledge.

## COUNT II
## CONVERSION AGAINST KAST –
## IN THE ALTERNATIVE TO COUNT I

80. Previously answered.

81. Without knowledge.

82. Denied.

83. Denied.

84. Agreed in part; Denied that Kast lost the Booster System or otherwise disposed of the Booster System.

85. Denied.

86. Denied in part; Without knowledge as to the value of the Booster System.

### COUNT III
### BREACH OF CONTRACT AGAINST KAST – NPB CONTRACT

87. Previously answered.

88. The NPB Contract speaks for itself and is the best evidence of its content.

89. Denied.

90. Denied.

### COUNT IV
### BREACH OF CONTRACT AGAINST KAST – STP CONTRACT

91. Previously answered.

92. The STP Contract speaks for itself and is the best evidence of its content.

93. Denied.

94. Denied.

### COUNT V
### FRAUDULENT INDUCEMENT
### AGAINST KAST AND MACDONALD

95. Previously answered.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## COUNT VI
## NEGLIGENT MISREPRESENTATION
## AGAINST KAST AND MACDONALD

103. Previously answered.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The claims in Counts V and VI fail to state a claim upon which relief may be granted. Specifically, the content and substance of the statements and representations are not of present fact and cannot form the basis for fraudulent or negligent misrepresentation.

### Second Affirmative Defense
### (Standing)

The Plaintiff does not have standing to pursue the tort claims alleged in Counts V and VI. Specifically, these tort claims arose prior to the commencement of the Chapter 11 bankruptcy

case; however, these claims were not scheduled or otherwise disclosed by Plaintiff during the course of the bankruptcy case. As a result, the Plaintiff, as reorganized debtor, does not have standing to assert these claims.

### Third Affirmative Defense
### (*Res Judicata*)

As to Counts V and VI, Plaintiff is precluded from recovery by virtue of *res judicata* or claims preclusion. Specifically, these tort claims arose prior to the commencement of the Chapter 11 bankruptcy case; however, these claims were not scheduled or otherwise disclosed by Plaintiff during the course of the bankruptcy case. By virtue of the entry of the confirmation order, any such tort claims are abandoned as a matter of law.

### Fourth Affirmative Defense
### (Failure to Mitigate Damages)

As to Count I and Count II, the Plaintiff has failed to mitigate its damages. Specifically, Kast Construction agreed to the turnover motion as to the Booster System to Plaintiff and made it readily accessible for the Plaintiff to retrieve; however, the Plaintiff delayed and/or otherwise failed to retrieve the Booster System and thus caused its own loss. Kast Construction never maintained possession and control over the Booster System and is not liable under Count I or Count II.

### Fifth Affirmative Defense
### (Prior Breach of Contract)

The Plaintiff is precluded from recovery under Counts III and IV by virtue of its prior breach. Specifically, to the extent that the Plaintiff claims that Kast Construction is in breach of contract, prior breaches by the Plaintiff released Kast Construction from performance and preclude the Plaintiff from recovery.

**Sixth Affirmative Defense**
**(Statute of Frauds)**

As to Counts III and IV, the Plaintiff is precluded from recovery by the statute of frauds. Specifically, any modifications of the Plaintiffs contractual obligations and duties necessarily would have to be in writing to be enforceable.  Accordingly, any such asserted modification upon which the Plaintiff relies is unenforceable and the Plaintiff is precluded from recovery.

**RESPECTFULLY SUBMITTED**, this 18th day of October, 2016

/s/ Justin M. Luna
Justin M. Luna
Florida Bar No.: 0037131
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
P.O. Box 3353  (32802-3353)
Orlando, Florida  32801
Tel:  407-481-5800
Fax:  407-481-5801
*Attorneys for Defendants, Kast Construction III, LLC, LLC and Michael MacDonald*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 18th day of October, 2016 by email to: **Michael A. Nardella, Esq.** 250 East Colonial Drive, Suite 102 Orlando, Florida 32801  mnardella@nardellalaw.com.

By:    /s/ Justin M. Luna, Esq.
Justin M. Luna, Esq.

9