**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Case No.: 6:15-bk-07275-KSJ** |
| | **Chapter 11 (Confirmed)** |
| **PROGRESSIVE PLUMBING, INC.** | |
| **PROGRESSIVE SERVICES, LLC and** | **Jointly Administered with** |
| **GRACIOUS LIVING DESIGN** | **Case No.  6:15-bk-07276-KSJ** |
| **CENTER, INC.,** | **Case No.  6:15-bk-07277-KSJ** |
| Debtors. | |
| _____/ | |
| **PROGRESSIVE PLUMBING, INC.** | |
| Plaintiff, | |
| v. | **Adversary Proceeding No.** |
| | **Case No.  6:16-ap-00078-KSJ** |
| **KAST CONSTRUCTION III, LLC., a Florida** | |
| **limited liability company, and MICHAEL** | |
| **MACDONALD, an individual,** | |
| Defendants. | |
| _____/ | |

**MOTION FOR FULL OR PARTIAL PERMISSIVE ABSTENTION**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4 and 7001-1, the Bankruptcy Court will consider this motion, objection or other matter, without further notice or hearing unless a party in interest files an objection within fourteen (14) days from the date this paper is entered on the docket.  If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court, Lee Ann Bennett, George C. Young Federal Courthouse, 400 W. Washington Street, Orlando, FL 32801 and serve a copy on counsel for the Defendants, Justin M. Luna, Esq., Latham, Shuker, Eden & Beaudine, LLP, P. O. Box 3353, Orlando, Florida 32802-3353.

If you file and serve an objection within the time permitted, the Bankruptcy Court may schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

**KAST CONSTRUCTION III, LLC** ("Kast Construction") and **MICHAEL MACDONALD** ("Mr. MacDonald") (collectively, "Defendants"), by and through their undersigned counsel, hereby seek an order of this Court exercising its discretion to permissively abstain from hearing the entirety of the adversary complaint filed by the Progressive Plumbing, Inc. ("Confirmed Debtor" or "Progressive Plumbing"). Alternatively, Defendants seek partial abstention as to the non-core state law claims alleged in the multi-count adversary complaint.

**Preliminary Statement**

This is a motion requesting that the Court exercise its discretion to permissively abstain from hearing the multi-count adversary complaint filed by the Confirmed Debtor. Excepting for Count I (Turnover), each and every other count seeks relief under garden variety state law claims. Specifically, the Confirmed Debtor seeks relief under the following non-core counts: **Count II** (Conversion); **Count III** (Breach of Contract); **Count IV** (Breach of Contract); **Count V** (Fraudulent Inducement); **Count VI** (Negligent Misrepresentation) (collectively, the "**State Law Claims**"). Each of these counts seeks money damages under state law theories. These claims are non-core and would have no independent jurisdiction in this Court.

Moreover, Progressive Plumbing is a post-reorganization Debtor seeking damages for its own benefit and not for the benefit of its unsecured creditors or the bankruptcy estate. The confirmed plan does not provide for any additional distribution to unsecured creditors or other constituents in the bankruptcy case if the Confirmed Debtor is successful in its recovery against Defendants. Thus, success or failure on the State Law Claims will have no impact on the bankruptcy case or the bankruptcy estate.

For these reasons, and others more specifically described below this Court should exercise its discretion to permissively abstain from hearing the State Law Claims and this

proceeding.

## I.  BACKGROUND

1. On August 24, 2015 (the "**Petition Date**"), Progressive Plumbing filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the Middle District of Florida.

2. On July 8, 2016, this Court entered its Order Approving Debtor's Disclosure Statement and Confirming Debtors First Amended Plan of Reorganization (Doc. No. 360) (the "**Confirmation Order**").  Pursuant to the Confirmation Order, the Court confirmed the Debtor's Joint First Amended Plan of Reorganization (the "**Confirmed Plan**") filed on June 6, 2016 (Doc. Nos. 239 & 302).

3. Pursuant to the Confirmed Plan, the Confirmed Debtor reserved for its own benefit and not for the benefit of unsecured creditors any proceeds from post-confirmation litigation initiated by the Confirmed Debtor. See, First Amended Plan (Doc. No. 302) Section VII.B.4 at Pg. 39.

### The Motion/Order for Turnover

4. On May 18, 2016, the Confirmed Debtor filed its Motion for Turnover (Doc. No. 285) (the "**Turnover Motion**"). The Turnover Motion sought an order requiring Kast Construction to surrender a 2008 Vickery Model 1VC-G-TH(X) custom temporary booster hydrostatic pump ("**Booster Pump**") located at one of the job sites abandoned by Progressive Plumbing.  The motion claimed that the Booster Pump had an approximate fair market value of $15,000.00.

5. On June 28, 2016, the Court entered its order granting the Debtor's Motion for Turnover of Property of the Estate (Doc. No. 358) (the "**Turnover Order**"). The Turnover Order

required Kast Construction to surrender the Booster Pump to the Debtor.

6. In accordance with the Turnover Order, Kast Construction provided full access for the Debtor to recover the Booster Pump. For reasons that are not clear, the Debtor delayed its efforts to retrieve the Booster Pump and it was never recovered by the Debtor.

*The Adversary Complaint*

7. On August 8, 2016, the Confirmed Debtor filed its adversary complaint against Kast Construction and Mr. MacDonald, a project supervisor for Kast Construction.

8. The adversary complaint alleges that the Confirmed Debtor was a counter-party to two separate sub-contracts with Kast Construction to provide materials and plumbing installation services on two separate projects.

9. The first contract was for the project known as the Water Club – North Palm Beach ("**NPB Contract**") and the second contract was for the project known as the Water Club in St. Petersburg, Florida (the "**STP Contract**"). These sub-contracts are attached to the adversary complaint as *Exhibit A* and *Exhibit N*, respectively.

10. As to the NPB Contract, the Confirmed Debtor asserts in Count III that Kast Construction breached the contract and owes the Debtor $278,058.22 for damages.

11. As for the STP Contract, Count IV alleges that Kast Construction breached the contract and owes the Debtor $38,413.12 for damages.

12. The remaining State Law Claims are found in Count II for conversion of the Booster Pump, Count V for Fraudulent Inducement and Count VI for Negligent Misrepresentation.

## II.     ARGUMENT

### A.     Permissive Abstention for the Entire Proceeding is Appropriate

The jurisdictional basis for adjudicated of claims by a Bankruptcy Court is provided in 28 USC § 1334 which states, *inter alia*,

> The District Courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.

28 USC § 1334(b).

However, the same statute further allows the Court to refuse jurisdiction. Specifically, 28 USC §1334(c) states:

> except with respect to a case under Chapter 15 of Title 11, nothing in this section prevents a District Court in the interest of justice, or in the interest of comity with State Courts or respect for State Law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

This section is known as the permissive abstention section. Courts have evaluated permissive abstention through examination of various factors. This Court has previously identified those factors as (1) the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; (7) whether a separate state law case is pending; (8) whether the issues are core proceedings or are directly related to the Debtor's reorganization; and (9) the prejudice to the Defendants. These factors may be given different weight in order to reach the over-arching provided in §1334. *In re Plaza LLC*, 2010 WL 5095738 (Bankr. M.D. Fla. 2010).

With the exception of Count 1 (Turnover), each and every one of the remaining five State Law Claims is a common garden variety claim under Florida law. Breach of contract and tort

claims are creatures of state law and state courts are best equipped to deal with those types of claims. Absent the filing of the Chapter 11 case, the State Law Claims would have no independent jurisdiction in this Federal Court. Both the Plaintiff and the Defendants are citizens of the State of Florida and there is no Federal question presented by the State Law Claims. There can be no doubt that these are non-core matters. The success or failure of the Confirmed Debtor on these State Law Claims will not affect the reorganization case, the bankruptcy estate or the unsecured creditors. Pursuant to the Confirmed Plan, the proceeds of any recovery shall inure only to the benefit of the Reorganized Debtor. The unsecured creditors are paid from a "pot" of $380,000 which is funded by the Debtor's cash flow. Thus, any litigation claim proceeds shall not enhance or detract from the amount of distributions to unsecured creditors. These claims existed prior to the Petition Date and have no nexus of facts relating to the bankruptcy case. Finally, the U.S. Constitution and the Florida Constitution provide for jury trial rights for these State Law Claims.

As to Count I (Turnover), certainly this claim is a core matter and jurisdiction is properly in the Bankruptcy Court. However, all other factors militate against the Bankruptcy Court determining and adjudicating this claim. Specifically, the Confirmed Debtor has asserted an alternative claim of conversion in Count II which may be heard by the State Court. Thus, the Turnover Claim in Count I is not necessary for the Confirmed Debtor to obtain full and complete relief in the State Court. Given the lack of common facts between Count I and all other counts, it would appear that the Confirmed Debtor is forum shopping by filing the Turnover claim and then lumping in the other State Law Claims which have no factual nexus or relationship to the Turnover Claim. Forum shopping is certainly a concern in this Court and an element to be

considered in connection with permissive abstention. *In re Orlando Gateway Partners, LLC* 555 B.R. 848 (Bankr. M.D. Fla. 2016).

The Bankruptcy Courts in this state are inundated with cases and proceedings which demands are enormous. The adjudication of complicated factual scenarios involving contractor and sub-contractor relationships and construction projects would make an unnecessary burden on this Court. And, the outcome of the adversary proceeding would not affect the reorganization case or the distribution to creditors. Finally, it is clear that this Confirmed Debtor has an extant remedy in State Court. These claims are traditionally raised and adjudicated in a routine and timely fashion in the Florida State Courts.

    **B.**    **Partial Abstention**

To the extent that this Court feels it appropriate to determine and adjudicate the singular core proceeding asserted in Count I, this Court has the power to partially abstain and retain only the singular count. If this Court were to retain the jurisdiction to adjudicate this single count/claim, it may abstain from the remainder of the State law Claims. *In re Orlando Gateway Partners, LLC* 555 B.R. at 848; citing to *Bricker v. Martin,* 348 B.R. 28, 37 (W.D.Pa.2006). In this way, the single core matter may be determined by this Court and the Confirmed Debtor may proceed in the state court to obtain determination of the State law Claims. Of course, the Confirmed Debtor has pled an alternative state law claim to the turnover count in Count II (conversion) which seeks essentially the same relief. Thus the Confirmed Debtor may still obtain complete relief in state court without the turnover count.

    **III.**    **CONCLUSION**

The Confirmed Debtor's strategy is obvious. Assert a small core claim in Count I and then *tag along* five (5) additional claims which are non-core and which are based purely upon

7

State Law.  This is not an uncommon strategy for a Debtor; however, it should not be encouraged by the Bankruptcy Courts.  This Debtor has entered the Bankruptcy Court, litigated and/or resolved its Debtor-Creditor disputes and has confirmed a plan of reorganization.  This forum should not be burdened by State Law claims asserted in the adversary complaint.  Given the circumstances, it would be entirely consistent with prevailing law in this district and others for the Court to exercise its discretion to permissively abstain from hearing the entirely of the adversary complaint.  Or alternatively, to retain jurisdiction over Count I and partially abstain as to the remaining Counts.

Dated: October 25, 2016

/s/ Justin M. Luna, Esq.
Justin M. Luna, Esq.
Florida Bar No.: 0037131
jluna@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
P.O. Box 3353  (32802-3353)
Orlando, Florida  32801
Tel:  (407) 481-5800
Fax:  (407) 481-5801
*Attorneys for Defendants, Kast Construction III, LLC, LLC and Michael MacDonald*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Case No.: 6:15-bk-07275-KSJ** |
| | **Chapter 11 (Confirmed)** |
| **PROGRESSIVE PLUMBING, INC.** | |
| **PROGRESSIVE SERVICES, LLC and GRACIOUS LIVING DESIGN CENTER, INC.,** | Jointly Administered with Case No. 6:15-bk-07276-KSJ Case No. 6:15-bk-07277-KSJ |
| Debtors. | |
| _____/ | |
| **PROGRESSIVE PLUMBING, INC.** | |
| Plaintiff, | |
| v. | **Adversary Proceeding No.** Case No. 6:16-ap-00078-KSJ |
| **KAST CONSTRUCTION III, LLC.,** a Florida limited liability company, and **MICHAEL MACDONALD**, an individual, | |
| Defendants. | |
| _____/ | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 25th day of October, 2016 by email to: **Michael A. Nardella, Esq.** 250 East Colonial Drive, Suite 102 Orlando, Florida 32801 (mnardella@nardellalaw.com).

By:/s/ Justin M. Luna, Esq.
Justin M. Luna, Esq.

9