**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                                                    CASE No.: 6:15-bk-07275-KSJ
                                                                          Chapter 11

**PROGRESSIVE PLUMBING, INC.**

**PROGRESSIVE SERVICES, LLC and**              Jointly Administered with
**GRACIOUS LIVING DESIGN**                          Case No.  6:15-bk-07276-KSJ
**CENTER, INC.,**                                            Case No.  6:15-bk-07277-KSJ

         Debtors.
_____/

**PROGRESSIVE PLUMBING, INC.**

         Plaintiff,

v.                                                                         Adversary Proceeding No.
                                                                          Case No.  6:16-ap-00078-KSJ
**KAST CONSTRUCTION III, LLC, a Florida**
**limited liability company, and MICHAEL**
**MACDONALD, an individual,**

         Defendants.
_____/

**DEFENDANTS' REPLY BY IN SUPPORT OF MOTION**
**FOR FULL OR PARTIAL PERMISSIVE ABSTENTION**

         Defendants, Kast Construction III, LLC ("**Kast Construction**") and Michael MacDonald

("**MacDonald**", together with Kast Construction, the "**Defendants**") reply in support of the

Defendants' Motion for Full or Partial Permissive Abstention (Adv. Doc. 11).

**A.  Alleged Untimeliness of Abstention Motion**

         The Response argues that the Abstention Motion is untimely filed and cites to the Local

Rules for the Middle District of Florida ("**Local Rules**" or "**L.R. __**") as support.  L.R. 1001-1

provide, in part, as follows:

… for good cause, the Court may suspend the requirements set forth in these rules
and may order proceedings in accordance with its direction.

<u>See</u>, *L.R. 1001-1 (Scope of Rules; Short Title).*

The deadline for filing a motion for permissive abstention is governed by L.R. 5011-2(a).
This rule states that the deadline to file a motion for abstention is the same date as that prescribed
in L.R. 5011-1 for filing a motion to withdraw the reference. L.R. 5011-1 establishes the
deadlines to be 30 days following the filing of the initial pleading, which in an adversary
proceeding is the complaint. As stated in the *Notes of the Advisory Committee*:

**1995 Amendment**

Local Rule 1.05 (b)(2) has been amended to specify that a motion for withdrawal
of a proceeding or contested matter must be filed with the Clerk not later than
thirty (30) days, or thirty-five (35) days in the case of the federal government,
after the filing of the initial pleading or other paper commencing the proceeding
or contested matter. **In adversary proceedings, this corresponds to the time an
answer or motion is due pursuant to Fed. R. Bankr. P. 7012(a)** (bold added).

Thus, the deadline for filing of an abstention motion is intended to mirror the deadline for
filing of an Answer to the initial pleading so that the motion for abstention does not delay the
case being at issue.

In this proceeding, Kast Construction retained bankruptcy counsel, Bart A. Houston, Esq.
("**Houston**") who maintains his practice mostly in the Southern District of Florida.  Upon being
retained, Houston immediately contacted Plaintiff's counsel and requested an extension for filing
the answer in order to evaluate the claim and consider the response.  The extension was agreed.[1]
Houston subsequently secured the retention of Justin Luna, Esq. and made the financial
arrangements to allow him to act as Defendants' counsel.[2]  Upon the retention being complete,

---

[1] The agreed upon extension deadline fell upon the same date that Hurricane Mathew threatened the east coast of
Florida. Accordingly, counsel agreed to extend the deadline by several more days.

[2] Houston has been admitted to the Middle District of Florida for over 25 years and has practiced before many
Judges of this Court since that time.  However, after becoming a sole practitioner in 2013, Houston unknowing
allowed his M.D. Fla. bar membership to lapse.  The lapsed membership was only discovered when Houston sought

the Abstention Motion and Answer were promptly filed.  Given these unusual circumstances, Defendants would suggest that this is *good cause* to allow the Court to suspend the operation of Local Rule 5011-2(a) and allow the court to determine the merits of the Abstention Motion. Further, it is worth noting that "[P]ermissive abstention may be raised by the Court *sua sponte"*. *In re Orlando Gateway Partners, LLC*, 555 B.R. 848, 853 (Bankr. M.D.Fla. 2016)

As to the merits, the response makes several arguments which are either inapplicable and in some instances factually or legally incorrect.

### B.  The Claims Are Inextricably Linked With Bankruptcy Law

The Response argues that "***the Complaint also includes issues that are inextricably linked with bankruptcy law, as do Affirmative Defenses raised by Defendants in the Answer***" *Response,* Pg 6.  Of course, to support this proposition the Plaintiff points to Count I which is the singular count that relies upon bankruptcy law for its existence.  This point has been conceded in the Abstention Motion and the Response fails to add support to the analysis and its argument by pointing to Count I.  As it relates to Count I (and II), the Plaintiff argues that Kast Construction violated the automatic stay "***when it told Debtor that it would have any employee arrested if one came to retrieve the Booster System***" *Response*, Pg 7.  Seemingly, the Plaintiff, when it was a Debtor in Possession, did not take this claim very seriously.  The Debtor never filed any motion seeking relief from the intentional violation of the automatic stay.  Moreover, this serious claim has never been raised in any prior pleadings or other court papers during the course of the Bankruptcy Case. Thus, the Plaintiff makes its best attempt to introduce new "bankruptcy issues" in order to encourage this Court to retain the proceeding.  However, these points have never been part of the allegations in the complaint nor are they the basis of any pending claim.

---

to file the Abstention Motion and learned that his CM/ECF access was suspended.  In order to promptly respond to the Complaint, Houston retained Latham, Shuker, Eden & Beaudine, LLP to represent the Defendants.

In an attempt to link the instant proceeding with its underlying bankruptcy case, the Plaintiff cites *In re Carbide Indus., LLC*, 2016 WL 3571295 (Bankr. M.D.Fla. 2016).   In *Carbide*, the reorganized debtor filed adversary claims of, *inter alia*, breach of contract and foreclosure of mechanic's lien against Lecessee Construction Services, LLC ("LCS").  *Id.* at \*2. LCS and the reorganized debtor had filed state court claims against each other prior to the filing of the bankruptcy case.   Unlike in the instant case, LCS: (i) filed a proof of claim in the bankruptcy case, (ii) never sought stay relief to liquidate its claim in state court and (iii) was bound by the jurisdictional constraints set forth in the reorganized debtor's confirmed plan.  *Id.* The Court ruled that LCS's abstention request was not warranted citing the Court's own familiarity with the parties and overseeing the distribution of assets to creditors. *Id.   Carbide* is factually and procedurally distinguishable from the instant action.   In the instant action, the Defendants never filed a proof of claim, were not noticed with the bankruptcy case, did not file claims against the Plaintiff in any prior state court proceeding and are not bound by the terms of Plaintiff's plan of reorganization.  Furthermore, despite the Plaintiff's statements to the contrary, Plaintiff's performance under its plan was never represented to include recovery from causes of action, including the instant suit.  This is evidenced by the Plaintiff's own financial projections and liquidation analysis attached to its disclosure statement as well a Plaintiff's plan language itself, notably the means of implementation representations.  Thus, when applying the instant case's facts to the facts and arguments set forth in *Carbide*, the nexus between the two are completely eroded.

### C.  Affirmative Defenses and application of Bankruptcy Law

Next, the Plaintiff argues that the pleading of an Affirmative Defense – ***Setoff*** – in the Answer is another bankruptcy law related issue which is more properly determined by this Court. That is, by virtue of the confirmation of the First Amended Plan of Reorganization (the "**Plan**"),

any setoff claim asserted by Kast Construction has been discharged. In this statement, the Plaintiff makes an error of fact and law. Specifically, neither one of the adversary defendants were ever scheduled as a creditor; nor, did either one receive notice of the commencement of the case or notice of the bar date. A recently printed creditor mailing matrix is attached to this Reply as **<u>Exhibit "A"</u>**. The mailing matrix clearly shows that neither of the Defendants were provided statutory notice of the commencement of the bankruptcy case or the bar date. Thus, in accordance with established Eleventh Circuit precedence, neither one of the adversary Defendants have been "discharged" by virtue of the confirmation of the Plan. *In re Spring Valley Farms, Inc.,* 863 F.2d 832 (11th Cir. 1989)(Bankruptcy Code provision discharging debts upon confirmation of chapter 11 plan does not discharge debt of creditor who is known to Debtor and failed to receive statutory Notice of Claims Bar Date, even if creditor had actual knowledge of general existence of bankruptcy proceedings). The setoff defense remains viable and is properly determined under established Florida law in the state court.

### D.  Comity

As to the issue of comity, the Response argues that the

[T]his adversary will not require the Court to meaningfully opine on state law. The state law issues in this adversary are really factual issues above all else, and the genuine legal issues are bankruptcy-related, not state

*Response, Pg 7.*

This assertion is certainly not supported by the pleadings. The Complaint alleges that: (i) the Plaintiff has suffered approximately $300,000.00 in damages arising from Kast Construction's breach of a pre-petition construction contract; (ii) has suffered additional money damages under its pre-petition tort claim which are un-liquidated, and of course; and (iii) $15,000.00 for the failure to turn over the Booster System. The pre-petition construction contract claims are controlled and adjudicated solely in accordance with Florida law and the two 86 page contracts.

There are no bankruptcy issues and no relation to the Bankruptcy Case.  The contracts were allegedly executed and breached and the damages purportedly incurred by the Plaintiff before the Petition Date. The same analysis applies for the pre-petition tort claims.  None of these claims rely upon interpretation of any bankruptcy document, including the Plan, or under bankruptcy law.  The only dispute that may involve bankruptcy law is the $15,000.00 dispute over the Booster System for which an alternative state law remedy has been sought by the Plaintiff.

### E.  Factual Nexus linking all Counts

The Response argues that "*while the issues in Counts I and II are legally distinct from the remaining Counts, they do in fact stem from the same transaction and occurrence, namely the NPB Contract, providing a clear "factual nexus" between all Counts"*.  *Response,* Pg 8. The Plaintiff's arguments continue to seek a common link between the singular bankruptcy related claim to the other five (5) state law claims. The factual nexus as argued in the Response is the NPB Contract.[3]  Counts I and II relate to the "conversion" of the Booster System. That claim does not rely in any respect upon the existence of the NPB Contract nor does the NPB Contract provide the legal or factual basis for the cause of action or remedies asserted in the Complaint (i.e., conversion or turnover).   These claims are not linked in common facts or application of law.

The Plaintiff's argument of the "close factual nexus" between Counts I & II and the remaining counts misses the mark.  That is, the true analysis of subject matter jurisdiction in this post-confirmation litigation relies upon the "related to" jurisdiction described in *Pacor*[4] as adopted by the Eleventh Circuit[5].  Section 1334 does not expressly limit the bankruptcy court's post-confirmation jurisdiction.  However, most courts agree that "once confirmation occurs, the

---

[3]  The Response does not argue how this "factual nexus" applies to the breach of contract claim in Count IV involving the Waterside Contract.

[4]  Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir.1984).

[5]  Miller v. Kemira, Inc. (Matter of Lemco Gypsum, Inc.), 910 F.2d 784 (11th Cir.1990).

bankruptcy court's jurisdiction shrinks." *General Media v. Guccione* (*In re General Media, Inc.*), 335 B.R. 66, 73 (Bankr.S.D.N.Y. 2005); *see also Cantor v. Am. Banknote Corp.,*), 2007 WL 3084966, at *3 (S.D.N.Y. 2007) ("Generally a bankruptcy court's jurisdiction abates upon confirmation of the reorganization plan.").[6]

Thus, the "factual nexus" argued by the Plaintiff does not capture the true issue for this Court to retain this case.  The close nexus as suggested by the Plaintiff is the NPB Contract. However, this contract (and the other sued upon contract) has no relationship with the Debtor's Plan or its reorganization effort.

### F.  Forum Shopping

In addressing the Defendant's claim of Forum Shopping, the Plaintiff falls back to the familiar position of arguing that it was the loss of the Booster System which brings this case before the Court.  Thus the argument is that the loss of the $15,000.00 Booster System supports the rationale for this Court adjudicating over $300,000.00 in pre-petition construction contract and tort claims.

Finally, the Response argues that the "***proceeds of this action will, in fact, be used to repay all Creditors, including Allied who came out of pocket to cover the Debtor***."  *Response,* Pg. 9.   The Plan belies this statement. Specifically, as stated at **Article VI** - *Means of Implementation*, the Plaintiff/Debtor represents:

> [T]he cash flow received by the Reorganized Debtors' ongoing operations are sufficient to make payments under the Plan, will allow the Reorganized Debtors to continue operations, and to pay ordinary course expenses, including but not limited to, payroll and administrative costs.

*First Amended Plan of Reorganization – Article VI.1. at Pg. 31.*

---

[6]  Defendants did not expressly raise the subject matter jurisdiction by motion.  Given recent rulings by this Court, it appeared that abstention was more appropriate as it invokes equitable considerations.  *In re Carbide Indus., LLC*, No. 6:14-BK-09894-KSJ, 2016 WL 3571295, at *3 (Bankr. M.D.Fla. 2016)(adversary proceeding satisfied the *Pacor* test to establish subject matter jurisdiction).

Moreover, the Debtor evidenced to the Court in the confirmation hearing that it was able to support all plan payments without the recovery of claims against the Defendants in this Adversary Proceeding. See, Doc. 247-2 (Exhibit "B" to Disclosure Statement).[7] Thus, the Plaintiffs own document substantiates that the Creditors shall be paid even in the absence of any recovery in this litigation.

The suggestion in the Response that the Debtor's "***cash flow crunch [was] caused by Kast and McDonald when they convinced the Debtor to continue outlaying labor and materials...***" is also refuted by the Debtor's prior statements. *Response*, Pg. 9.  In its Plan and Disclosure Statement, the Debtor described the significant reasons leading to its bankruptcy filing.  See, excerpt of Debtor's Disclosure Statement captioned as "Significant Developments and Events Leading to Current Bankruptcy Filing" which is attached to this Reply as **Exhibit "B"**.  No mention is made of Kast Construction in this Debtor document.

## CONCLUSION

There can be no question that this Bankruptcy Court maintains a heavy case load.  In fact, as stated on the website for the Middle District of Florida "***the United States Bankruptcy Court for the Middle District of Florida is the third busiest Bankruptcy Court, of the 90 Federal Districts, in the Nation.***" *www.flmb.uscourts.gov/statistics*.

The primary mission of the Bankruptcy Courts is to determine and adjudicate disputes within a Bankruptcy Case which serve to adjust the Debtor-Creditor relationships between parties before the Court.  This adversary proceeding has been filed post-confirmation against Defendants who were not identified or notified as creditors in the Bankruptcy Case.  The jurisdiction, if it exists, is non-exclusive and the claims asserted by the Plaintiff are cognizable in

---

[7] Also significant, the Debtor did not assign any value to these litigation claims in its liquidation analysis attached to its Disclosure Statement as Exhibit "A".  Perhaps this was the motivation for the Debtor to wait until after confirmation to bring these claims in order that its principals may reap the benefit from any recovery without having to include the value in its "best interests of creditors" analysis.

state court.  In fact, the predominant issues in the Complaint are garden variety issues of state law.  The Debtor/Plaintiff is utilizing a favorable forum for its litigation which will benefit only the post-confirmation Debtor's principals and not its creditors. The issues to be tried will be interpreted under state law and the litigation claims have no close nexus to the Bankruptcy Case in any respect.

This Court should abstain from this adversary case and permit the parties assert remedies and defenses in the proper forum - Florida state court.

**RESPECTFULLY SUBMIMTTED** this 21st day of November, 2016.

/s/ Justin M. Luna, Esq.
Justin M. Luna, Esq.
Florida Bar No.: 0037131
jluna@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
P.O. Box 3353  (32802-3353)
Orlando, Florida  32801
Tel:  (407) 481-5800
Fax:  (407) 481-5801
*Attorneys for Defendants, Kast Construction III, LLC, and Michael MacDonald*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:                                                          Case No.: 6:15-bk-07275-KSJ
                                                                Chapter 11 (Confirmed)

**PROGRESSIVE PLUMBING, INC.**

**PROGRESSIVE SERVICES, LLC and**            Jointly Administered with
**GRACIOUS LIVING DESIG**                    Case No.  6:15-bk-07276-KSJ
**CENTER, INC.,**                            Case No.  6:15-bk-07277-KSJ

        Debtors.
_____/

**PROGRESSIVE PLUMBING, INC.**

        Plaintiff,

v.                                                              Adversary Proceeding No.
                                                                Case No.  6:16-ap-00078-KSJ
**KAST CONSTRUCTION III, LLC, a Florida**
**limited liability company, and MICHAEL**
**MACDONALD, an individual,**

        Defendants.
_____/

<u>**CERTIFICATE OF SERVICE**</u>

        **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this
21st day of November, 2016 by email to: **Michael A. Nardella, Esq.** 250 East Colonial Drive,
Suite 102 Orlando, Florida 32801 (mnardella@nardellalaw.com).

                                        By:/s/ Justin M. Luna, Esq.
                                               Justin M. Luna, Esq.

Label Matrix for local noticing
113A-6
Case 6:15-bk-07275-KSJ
Middle District of Florida
Orlando
Mon Nov 21 15:35:24 EST 2016

American Pipe & Supply Co., Inc.
c/o Daniel D. Sparks
Christian & Small LLP
1800 Financial Center
505 N. 20th Street
Birmingham, AL 35203-4633

Batson-Cook Company
c/o Bush Ross, P.A.
Attn: Adam Lawton Alpert, Esq.
Post Office Box 3913
Tampa, FL 33601-3913

Joseph Butlier
c/o Gregory C Maaswinke
801 N Magnolia Ave
Suite 405
Orlando, FL 32803-3844

Federal Insurance Company
c/o Craig M. Greene, Esq.
Kramer, Green, Zuckerman, Greene & Buchs
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL 33021-6786

First Green Bank
18251 US Highway 441
Mount Dora, Fl 32757-6718

Ford Motor Credit Company LLC
c/o Roger A. Kelly, Esq.
PO Box 3146
Orlando, FL 32802-3146

Martin Forster
301 S. New York
Suite 200
Winter Park, FL 32789-4273

Internal Revenue Service
c/o United States Attorney
400 West Washington Street
Suite 3100
Orlando, FL 32801-2203

Kellogg & Kimsey Construction Management, In
c/o M. Lewis Hall, III
200 South Orange Avenue
Sarasota, FL 34236-6802

Lake County Tax Collector
Attn: Bob McKee
Post Office Box 327
Tavares, FL 32778-0327

Charlene H Lawson
1064 West Highway 50
Clermont, FL 34711-2835

William E Lawson
1064 West Highway 50
Clermont, FL 34711-2835

Lawson Investment Group, Inc.
1064 West Highway 50
Clermont, FL 34711-2835

Douglas Martin
101 S. Palmetto Ave
Suite 2
Daytona Beach, FL 32114-4331

Nissan Motor Acceptance Corporation
c/o KELLEY KRONENBERG ATTORNEYS AT LAW
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607-4596

Premium Assignment Corporation
c/o Jules S. Cohen, Esq.
AKERMAN LLP
Post Office Box 231
Orlando, FL 32802-0231

Progressive Plumbing, Inc.
1064 W Highway 50
Clermont, FL 34711-2835

Tennessee Department of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-4015

UnitedHealthcare Insurance Company
c/o Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1803

A. Tarler, Inc.
1403 SW 8th Street
Pompano Beach, FL 33069-4511

AT&T Mobility
PO Box 5019
Carol Stream, IL 60197-5019

AXSA Engineering Products
255 Old Sandford Road
Unit A
Winter Springs, FL 32708-2651

Ace Hospitality
Registered Agent Martha
Brook Perry
102 Frey Street
Ashland City, TN 37015-1738

Activar Construction Product
SDS 12-1132
PO Box 86
Minneapolis, MN 55486-0086

Advantage Care, Inc.
7121 Grand National Dr
Suite 103
Orlando, FL 32819-8390

Aetna
151 Farmington Ave
Hartford, CT 06156-0002

Airgas USA, LLC
PO Box 532609
Atlanta, GA 30353-2609

Allied World Specialty Ins
C/O Jonathan P. Cohen Esq
Jonathan P. Cohen, P.A.
500 E Broward Blvd Ste 1710
Fort Lauderdale, FL 33394-3012

Allied World Specialty Ins Co f/k/a Darwin N
C/O Jonathan P. Cohen, Esq.
500 E. Broward Blvd. Suite 1710
Fort Lauderdale, FL 33394-3012

**Exhibit "A"**

Ally Bank
P.O. Box 130424
Roseville, MN 55113-0004

Ally Financial
300 Galleria Office Center
MC: 480-300-226
Suite 201
Southfield, MI 48034-8461

American Pipe & Supply
C/O Daniel D. Sparks
505 20th St N
Suite 1800
Birmingham, AL 35203-4633

American Pipe & Supply
PO Box 11474
Birmingham, AL 35202-1474

American Pipe & Supply Company, Inc.
c/o Daniel D. Sparks
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203-2605

Ascot Capital LLC-1
PO Box 645040
Cincinnati, OH 45264-0303

Barnes Industrial Plastic
Piping
449 South 12th Street
#2902
Tampa. FL 33602-5615

Batson Cook
200 Galleria Parkway
Suite 1300
Atlanta, GA 30339-5967

Batson-Cook Company
Bush Ross, P.A.
Attn: Adam Lawton Alpert, Esq.
Post Office Box 3913
Tampa, Florida 33601-3913

Bill & Charlene Lawson
1803 Rosewood Drive
Clermont, FL 34711-2945

Billy Lawson
940 W Lakeshore Drive
Clermont, FL 34711-2932

Bob McKee, Tax Collector
PO Box 268
Tavares, FL 32778-0268

Bobrick Washroom Equipment
11611 Hart St
North Hollywood, CA 91605-5802

Brennan & Clark
721 E Madison St
Villa Park, IL 60181-3083

Bright House Networks
PO Box 30765
Tampa, FL 33630-3765

Brighthouse
894 Maguire Rd
Ocoee, FL 34761

Cadell Construction
2700 Lagoon Park Dr
Montgomery, AL 36109-1100

Canon Financial Services
158 Gaither Drive
Mount Laurel, NJ 08054-1716

Canon Financial Services Inc
14904 Collections Center Drive
Chicago IL 60693-0149

Capital Office Products
210 Fentress Blvd
Daytona Beach, FL 32114-1231

Cazenovia Creek Funding I, LLC
PO Box 54897
New Orleans, LA 70154-4897

Central Florida Plumbing Supply Inc
aka Central Florida Supply, Inc
Shuffield, Lowman & Wilson PA
PO Box 1010
Orlando FL 32802-1010

Charlene Lawson
PO Box 121126
Clermont FL 34712-1126

Charles R. Frazier
5258 B Murfreesboro Rd
La Vergne, TN 37086-2720

City of Atlanta
55 Trinity Ave
Atlanta, GA 30303-3543

City of Clermont
685 W Montrose St
Clermont, FL 34711-2119

City of Clermont
PO Box 120219
Clermont, FL 34712-0219

City of Groveland
156 South Lake Ave
Groveland, FL 34736-2597

Cliftonlarsonallen LLP
420 S Orange Ave
Suite 500
Orlando, FL 32801-3399

Creative Specialties Intl
75 Remittance Dr
Suite 1590
Chicago, IL 60675-1590

**Exhibit "A"**

Crown Bath
7792 Plantation Circle
Bradenton, FL 34201-2064

DEMAND MECHANICAL LLC
DAVID M ANTHONY
511 UNION STREET SUITE 1600
NASHVILLE TN 37219-1780

Darwin National Assurance Co
1690 New Britian Ave
Suite 101
Farmington, CT 06032-3361

Del-Air Mechanical
135 Chicamauga Ave
Knoxville, TN 37917-5125

Demand Mechanical
820 Fesslers Pkwy
Ste 135
Nashville, TN 37210-2938

Department of Business
& Professional Regulation
PO Box 6300
Tallahassee, FL 32314-6300

Dexter & Chaney, INC
PO Box 27146
Seattle, WA 98165-1546

Duke Energy
PO Box 14042
Saint Petersburg, FL 33733-4042

Evergreen Construction
3200 Cobb Galleria Parkway
Suite 240
Atlanta, GA 30339-5941

FFVA Mutual
PO Box 948239
Maitland, FL 32794-8239

Federal Express
PO Box 660481
Dallas, TX 75266-0481

Ferguson Enterprises Inc
10355 S Orange Ave
Orlando, FL 32824-7712

Ferguson Enterprises Inc
12500 Jefferson Ave
Newport News, VA 23602-4314

Ferguson Enterprises Inc #52
PO Box 100286
Atlanta, GA 30384-0286

First Green Bank
18251 US HWY 441
Mount Dora, FL 32757-6718

First Green Bank
c/o Mark F. Ahlers, Esq.
Fishback Dominick
1947 Lee Road
Winter Park, FL 32789-1834

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Florida Dept of Revenue
PO Box 6668
Tallahassee, FL 32314-6668

Florida Tile
3545 Reynolds Rd
Lakeland, FL 33803-8373

Ford Motor Credit
Tax Dept, WHQ Room 612
One American Road
Dearborn, MI 48126-2701

Ford Motor Credit Company
c/o Roger A. Kelly
Post Office Box 3146
Orlando, FL 32802-3146

French Lawson Investment Grp
1064 W Highway 50
Clermont, FL 34711-2835

GEORGIA DEPARTMENT OF LABOR
BROOK C TIMMONS CHIEF
UNEMPLOYMENT INSURANCE LEGAL SEC STE 826
148 ANDREW YOUNG INTL BLVD
ATLANTA GA  30303-1751

General Insulation Co
PO Box 636959
Cincinnati, OH 45263-6959

General Insulation Company
Kevin J. Snyder, Esq.
701 N. Green Valley Pkwy, Ste. 200
Henderson, NV 89074-6178

Georgia Dept. of Labor
PO Box 740234
Atlanta, GA 30374-0234

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Glazzio Tiles
10101 Foster Ave
Brooklyn, NY 11236-2116

Gracious Living Design Cntr
1064 W HWY 50
Clermont, FL 34711-2835

Gracious Living Design Ctr
1064 W Hwy 50
Clermont, FL 34711-2835

**Exhibit "A"**

Griffis Automotive Clinic
1508 A Max Hooks Rd
Groveland, FL 34736-8026

Ground Penetrating Radar
7540 New West Road
Toledo, OH 43617-4200

Guppy's Mobile Transport
25551 Celestial St
Christmas, FL 32709-9666

Hajoca Corp d/b/a Hughes Supply
c/o Helen McGuire
600 Ferguson Drive
Orlando, FL 32805-1014

Hertz Equipment Rental
PO Box 650280
Dallas, TX 75265-0280

Hire Quest d/b/a Trojan
Labor
PO Box 890714
Charlotte, NC 28289-0714

Hughes Supply
600 N Ferguson Dr
Orlando, FL 32805-1043

Hughes Supply Inc
600 Ferguson Drive
Orlando, FL 32805-1043

Hughes Supply Inc
One Hughes Way
Orlando, FL 32805-2270

Internal Revenue Service
Centralized Insolvency
PO Box 7346
Philadelphia, PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

J&N Plumbing LLC
1871 Winner Circle
Lawrenceville, GA 30043-2722

Jason Barker
390 Trott RD
Bell Buckle, TN 37020-4821

Jimerson & Cobb
1 Independent Dr
#1400
Jacksonville, FL 32202-5011

Jomac Construction LLC
PO Box 10517
7770 Sears Blvd
Pensacola, FL 32514-4542

Joseph Buttlieri
c/o Gregory C. Maaswinkel
629 N Fern Creek Avenue
Orlando FL 32803-4854

Kallista/Kohler Co.
PO Box 99020
Chicago, IL 60693-9020

Kellogg & Kimsey, Inc.
Lewis Hall, III, Esquire
200 South Orange Avenue
Sarasota, FL 34236-6802

Kellogg & Kimsey, Inc.
c/o M. Lewis Hall, III, Esquire
200 S. Orange Avenue
Sarasota, FL 34236-6802

Kevin J Snyder & Assoc
701 N Green Valley Pkwy
Suite 200
Henderson, NV 89074-6178

Kimberly French
1064 W Highway 50
Clermont, FL 34711-2835

Lake Apopka Natural Gas
PO Box 850001
Orlando, FL 32885-0001

Lawson Family Trust 1
1803 Rosewood Dr
Clermont FL 34711-2945

Lawson Family Trust 11
1803 Rosewood Dr
Clermont FL 34711-2945

Leon County Tax Collector
P.O. Box 1835
Tallahassee, FL 32302-1835

Loretta E. Lynch
Attorney general of the United States
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

Lotus Business LLC
2309 North West 30th PL
Pompano Beach, FL 33069-0701

Marlin Business Bank
2795 E Cottonwood Pkwy
#120
Salt Lake City, UT 84121-7092

Martin Klayer & Associates
101 S Palmetto Ave
Suite 2
Daytona Beach, FL 32114-4331

**Exhibit "A"**

Mechanical Dynamics LLC
980 Piedmont Dr SE
Winter Haven, FL 33880-4549

Michael C. Sasso
1031 W Morse Blvd
Suite 120
Winter Park, FL 32789-3774

Mike Tidwell Tub & Shower
Repair
2417 Fly Road
Nolensville, TN 37135-9470

Mobile Mini Inc
PO Box 740773
Cincinnati, OH 45274-0773

Mobile Modular Portable
Storage
PO Box 45043
San Francisco, CA 94145-5043

N. Carolina Dept. of Revenue
501 N Wilmington St
Raleigh, NC 27604-8002

NACM South Atlantic
6290 Edgewater Dr
Orlando, FL 32810-4750

Neff Rental
PO Box 405138
Atlanta, GA 30384-5138

Nissan Motor Acceptance
Corporation
PO Box 650214
Attn: Katherine Melendrez
Dallas, TX 75265-0214

Nissan Motor Acceptance
POB 660366
Dallas, TX  75266-0366

One Point Technologies
3380 Trickum Rd
Bldg 300-100
Woodstock, GA 30188-3683

Orlando Winnelson
1996 Stanhome Way
Orlando, FL 32804-5114

Orlando Winnelson Co
c/o WGS Compliance Svs
3110 Kettering Blvd
Moraine, OH 45439-1924

PCL Construction
6675 Westwood Blvd
Suite 220
Orlando, FL 32821-6015

PNC Equipment
995 Dalton Ave
Cincinnati, OH 45203-1100

PNC Equipment Finance, LLC
attn: Tina Bowling
995 Dalton Ave.
Cincinnati  OH 45203-1100

Pac-Van, Inc
1850 Saturn Blvd
Orlando, FL 32837-9416

Pinkerton & Laws
2618 Edgewater Drive #200
Orlando, FL 32804-4437

Pipetechs
6600 Mt Herman Rd
Raleigh, NC 27617-9404

Pitney Bowes Inc
27 Waterview Dr
Shelton CT 06484-4361

Pitney Bowes Purchase Power
PO Box 371874
Pittsburgh, PA 15250-7874

Poinciana Med Center
5600 Mariner St
Suite 140
Tampa, FL 33609-3443

Premium Assignment Corp
PO Box 3100
Tallahassee, FL 32315-3100

Premium Assignment Corporation
c/o Jules S. Cohen Esquire
Akerman LLP
P. O. Box 231
Orlando FL  32802-0231

Premium Assignment Corporation
c/o Sundeep S. Sidhu
Akerman LLP
P. O. Box 231
Orlando FL   32802-0231

Principal Mutual Life
Ins Co
PO Box 10372
Des Moines, IA 50306-0372

Progressive Plumbing Inc
1064 W HWY 50
PO Box 121126
Clermont, FL 34712-1126

Progressive Services, LLC
1064 W Hwy 50
Clermont, FL 34711-2835

Progressive Services, LLC
1064 West Highway 50
Clermont, FL 34711-2835

Publix Super Market
Corporate office
attn: Customer care
P.O. Box 407
Lakeland, FL 33802-0407

**Exhibit "A"**

Racetrac Petroleum
3225 Cumberland Blvd
Suite 100
Atlanta, GA 30339-6408

Ram Tool AMD Supply
PO Box 320979
Birmingham, AL 35232-0979

Randall S Fudge & Assoc
4801 Classen Blvd
#202
Oklahoma City, OK 73118-4622

Randy Hardy
c/o Dan C. Chapman III
PO Box 1343
Conyers, GA 30012-1343

Rinaldis
15264 E Colonial Dr
Orlando, FL 32826-5517

S. Carolina Dept of Revenue
300A Outlet Pointe Blvd
Columbia, SC 29210-5666

SUNBELT RENTALS
1275 W MOUND ST
COLUMBUS OH 43223-2213

Safeway Services LLC
655 Huron Ave
Memphis, TN 38107-1512

Sagequest
31500 Bainbridge Rd.
Suite 1
Solon, OH 44139-2289

Schaub
4740 Talon Court SE
Suite 4
Grand Rapids, MI 49512-5462

Schindler Elevator Corp
7100 TPC Dr Ste 300
Orlando, FL 32822-5125

Security National Insurance
PO Box 650771
Dallas, TX 75265-0771

Sharp, Robbins & Popwell LLC
1109 Myatt Blvd
Madison, TN 37115-2453

Shawn's Lawn Care LLC
1635 CR 609C
Bushnell, FL 33513-4913

Shuffieldlowman
PO Box 1010
Orlando, FL 32802-1010

Southern Plumbing Service
220 Lemon Tree Lane
Apt 5
Ormond Beach, FL 32174-2661

Sponsler, Bennet, Jacobs &
Adams, PA
PO Box 3300
Tampa, FL 33601-3300

Sunbelt Rentals
PO Box 409211
Attn: Accounts Receivable
Atlanta, GA 30384-9211

TCL Enterprises
39 Hall Manor
Alpharetta, GA 30022-1816

TENNESSEE DEPT OF REVENUE
C/O ATTY GENERAL
PO BOX 20207
NASHVILLE TN 37202-4015

TLGFY, LLC
Capital One, N.A. as Collateral Assignee
PO Box 54347
New Orleans, LA 70154-4347

Tennessee Department of Revenue
c/o TN Attorney General's Office,
Bankruptcy Division
PO Box 20207
Nashville, Tennessee 37202-4015

The Tub Guys, Inc
PO Box 2092
Mount Dora, FL 32756-2092

Timothy Laffredi, Trial Attorney
US Dept. of Justice
George C. Young Federal Bldg.
400 W. Washington St., Suite 1100
Orlando  FL 32801-2210

Tradesman International
2400 Sandlake Road
#100
Orlando, FL 32809-7602

Tri Tech Labs INC
PO Box 140966
Orlando, FL 32814-0966

US Bank as Cust for ASCOT CAPITAL LLC - 1
PO Box 645040
Cincinnati, OH 45264-0303

US Healthworks
PO Box 404473
Atlanta, GA 30384-4473

United Firestop &
Core Drilling
159 E E Lakeshore Blvd
Kissimmee, FL 34744

United Health Care
Dept Ch 10151
Palatine, IL 60055-0001

**Exhibit "A"**

United Rentals INC
PO Box 100711
Atlanta, GA 30384-0711

United Southern Bank
P.O. Drawer 29
Umatilla, FL 32784-0029

Walmart
702 SW 8th Street
Bentonville, AR 72716-6299


Wex Fleet One LLC
PO Box 6293
Carol Stream, IL 60197-6293

Wieland Davco
4162 English Oak Dr
Lansing, MI 48911-4297

William E and Charlene H Lawson
Robert Clayton Roesch
Shuffield, Lowman & Wilson PA
PO Box 1010
Orlando FL 32802-1010


William O. Kelley II
1408 Lobeila Dr
Lake Mary, FL 32746-2666

Mark F Ahlers +
Fishback Law Firm
1947 Lee Road
Winter Park, FL 32789-1834

Jules S Cohen +
Akerman Senterfitt
Post Office Box 231
420 South Orange Avenue
Orlando, FL 32801-3313


Ralph E. Hopkins +
United States Attorney's Office
400 W Washington Street, Ste 3100
Orlando, FL 32801-2440

M Lewis Hall III+
Williams Parker Harrison Dietz & Getzen
200 South Orange Avenue
Sarasota, FL 34236-6796

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210


Adam L Alpert +
Bush Ross P.A.
Post Office Box 3913
Tampa, FL 33601-3913

Roger A Kelly +
Rush, Marshall, Jones & Kelly, P.A.
Post Office Box 3146
Orlando, FL 32802-3146

Alison Verges Walters +
Kelley Kronenberg, Attorneys at Law
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607-4596


Jill E Kelso +
Office of the United States Trustee
400 W. Washington Street
Suite 1100
Orlando, FL 32801-2440

Esther A McKean +
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Michael A Nardella +
Nardella & Nardella, PLLC
250 East Colonial Drive, Ste 102
Orlando, FL 32801-1231


Eric S Goldstein +
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919

Stuart Wilson-Patton +
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, TN 37202-4015

Roman V Hammes +
Roman V. Hammes, P.L
1920 N. Orange Avenue, Suite 100
Orlando, FL 32804-5531


Robert Clayton Roesch +
Shuffield Lowman & Wilson PA
1000 Legion Place
Suite 1700
Orlando, FL 32801-1028

Jonathan P Cohen +
Jonathan P. Cohen, P.A.
500 East Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3012

Daniel D Sparks +
Christian & Small LLP
505 No. 20th Street, Suite 1800
Birmingham, AL 35203-4633


John Waldo Reis +
Smith Moore Letherwood, LLP
101 North Tryon Street, Suite 1300
Charlotte, NC 28246-0109

Latonia C Williams +
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919

Courtney A Siders +
Powers McNails Teebagy Luongo
1601 Belvedere Road, Suite 500S
West Palm Beach, FL 33406-1551


Craig M Greene +
Kramer Green Zuckerman Greene
4000 Hollywood Boulevard
Suite 485-S
Hollywood, FL 33021-6786

Gregory C Maaswinkel +
Maaswinkel Law P.A.
629 N. Fern Creek Avenue
Orlando, FL 32803-4854

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF


## Exhibit "A"

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Georgia Dept. of Revenue
Centralized Taxpayer
PO Box 105596
Atlanta, GA 30348

Internal Revenue Service
Insolvency Unit
SBS E: CS: Insolvency, Territory 5
400 West Bay Street, Ste. 35045
STOP 5730-GRP 4
Jacksonville, FL 32202-4437

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)David Adams

(u)Allied World Specialty Insurance Company

(u)Fireman's Fund Insurance Company

(u)Roman V Hammes

(u)Karen S. Jennemann
Orlando

(u)Lexington Insurance Company

(d)Batson-Cook Company
c/o Bush Ross, P.A.
Attn: Adam Lawton Alpert, Esq.
Post Office Box 3913
Tampa, FL 33601-3913

(d)Ferguson Enterprises, Inc
10355 S Orange Ave
Orlando, FL 32824-7712

(d)First Green Bank
18251 US Hwy 441
Mount Dora, FL 32757-6718

(d)Ford Motor Credit Company LLC
c/o Roger A. Kelly
Post Office Box 3146
Orlando, FL 32802-3146

(d)Lake County Tax Collector
Attn:  Bob McKee
Post Office Box 327
Tavares FL 32778-0327

(d)Lawson Investment Group, Inc
1064 West Highway 50
Clermont FL 34711-2835

(d)Nissan Motor Acceptance Corporation
c/o KELLEY KRONENBERG ATTORNEYS AT LAW
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607-4596

(d)Progressive Plumbing, Inc
1064 W HWY 50
PO Box 121126
Clermont, FL 34712-1126

(u)See Attached.

(d)UnitedHealthcare Insurance Company
c/o Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1803

End of Label Matrix
Mailable recipients    209
Bypassed recipients     16
Total                  225

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

PROGRESSIVE PLUMBING, INC.,

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

Debtors.
_____/

CHAPTER 11
CASE NO.: 6:15-BK-07275-KSJ

JOINTLY ADMINISTERED WITH
CASE NO.: 6:15-BK-07276-KSJ
CASE NO.: 6:15-BK-07277-KSJ


**JOINT DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. §1125 FOR
PROGRESSIVE PLUMBING, INC., PROGRESSIVE SERVICES, LLC,
& GRACIOUS LIVING DESIGN CENTER, INC.**


COUNSEL FOR DEBTORS

MICHAEL A. NARDELLA, ESQ.
NARDELLA & NARDELLA, PLLC
250 EAST COLONIAL DR, SUITE 102
ORLANDO, FL 32801


ROMAN V. HAMMES, ESQ.
ROMAN V. HAMMES, P.L.
1920 NORTH ORANGE AVENUE, SUITE 100
ORLANDO, FL 32804


March 25, 2016


**Exhibit "B"**

commercial customers. Representative customers of Services include Publix and Racetrack. Services currently serves locations all around Central Florida and its environs.

Gracious. Gracious is a kitchen and bath showroom designer and provider in Clermont who is an affiliate of Plumbing. Gracious provides services and materials to both commercial and consumer customers.

B.    Significant Developments and Events Leading to Current Bankruptcy Filing

Plumbing. For almost 30 years, Plumbing was a very successful and profitable commercial plumbing contractor which had few financial difficulties. Plumbing had and has a reputation as one of, if not the, best commercial plumbing contractor in Central Florida. Plumbing generally operated in Florida where it had longstanding relationships with many of the general contractors with whom it did business. During the "Great Recession," however, Plumbing was unable to procure sufficient jobs in Florida and began bidding for and winning jobs out of state and consequently began working with many more unknown general contractors.

In 2013, Plumbing entered into a General Indemnity Agreement (the "GIA") with a new surety, Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied"). Plumbing began to experience collection issues with general contractors on out-of-state jobs. The contracting industry is notorious for the "chiseling" that contractors do to their subcontractors, particularly with regards to retainage, but the financial pressures of the general economy and the lack of a personal relationship caused many of the Plumbing's general contractors to begin making false claims about Plumbing's work in order to exert leverage and in order to refuse to make payments. In particular, one contractor, Evergreen Construction Company ("Evergreen"), began assessing so many additional back charges and change orders on one particular, large job, known as the Hyatt Atlanta, that Plumbing was put in a precarious position where it would stand to lose thousands of dollars if it continued on the job. Plumbing

6

wanted to continue work and complete the job even at a loss, having until that time never failed to complete a job. Upon the advice of Allied, however, Plumbing left the job and let Allied step in.

This was, in hindsight, an enormous and costly mistake for Plumbing. Allied allowed Evergreen to hire a new subcontractor who proceeded to bill for everything Plumbing had already done, as well as overbilled for the work necessary to complete the job. Costs spiraled out of control, and an expected loss of approximately $100,000.00 ballooned into a claimed loss of over $750,000.00. In the meantime, Plumbing's financial difficulties were increasing and it was unable to meet all of its obligations, including its payroll taxes, and Allied was also financing material and labor costs for some of Plumbing's jobs. Allied demanded immediate payment of over $750,000.00 as an indemnity under the GIA. Plumbing simply did not have the liquidity to comply with this request and further disputed the amount due.

After negotiations, Allied and Plumbing reached a settlement whereby, on July 8, 2015, Plumbing executed a promissory note in the amount of $752,107.33 in favor of Allied (the "Allied Note"). The Allied Note provided for monthly payments on a ten-year amortization with a five-year term. To secure the Allied Note, Allied demanded collateral, and Plumbing and its affiliates and principals executed a Mortgage and Security Agreement (as amended, the "Allied Mortgage"). The Allied Mortgage granted a second mortgage to Allied in the Debtors' headquarters property, along with certain property owned by Debtors' principals personally. The Allied Mortgage (as amended) was recorded on July 27, 2015.

Barely one week after recording the Allied Mortgage, Allied called a default under the terms of the Allied Note. Allied then demanded the immediate execution of deeds to all of the real property collateral and the immediate turnover to Allied of all funds from all of Plumbing's jobs. On August 6, 2015, Allied sent letters to certain of Plumbing's general contractors

7

**Exhibit "B"**

instructing and demanding that they forward all amounts due to Plumbing to Allied instead (the "Letters"). The Letters were devastating to Plumbing's business as its general contractors stopped paying anyone. On the same date as Debtors filed this bankruptcy, Allied filed an action against Debtors, *et al*, before the District Court in the Middle District of Florida.

Services and Gracious. Services and Gracious guaranteed Plumbing's GIA with Allied and co-signed the Allied Note. As Plumbing's relationship with Allied soured in July and August, 2015, Services and Gracious were dragged into the dispute and forced to join in this chapter 11 bankruptcy case.

Events Subsequent to Chapter 11 Filing

On August 24, 2015 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11 of Title 11 of the United States Code ("Code"). Since the Petition Date, the Debtors have continued to operate their business as debtors-in-possession under §§ 1107(a) and 1108 of the Code (Doc. 21). No Official Committee of Unsecured Creditors, trustee or examiner has been appointed.

The Debtors filed emergency motions on or shortly after the Petition Date. First, the Debtors filed a Motion for Joint Administration of the three cases (Doc. 5), the Debtors filed a Motion to Maintain Pre-Petition Bank Accounts (Doc. 3), the Debtors filed an Emergency Motion for Authority to Pay Prepetition Compensation and Benefits, seeking authority to pay the pre-petition wages and benefits of its non-affiliate employees (Doc. 9), the Debtors filed an Emergency Motion to Use Cash Collateral (Doc. 4), the Debtors filed a Motion to Pay Critical Vendors (Doc. 8), and the Debtors filed a Motion to Authorize Adequate Protection and to Pay Utilities (Doc. 7). Second, the Debtors filed an Application to Set Affiliate and Insider Officers' Salaries Nunc Pro Tunc to the Petition Date (Doc. 6), seeking authority to pay William Lawson, Charlene Lawson, Kimberly Lawson-Sapp, and William Lawson II (the "Lawsons"), their

8

**Exhibit "B"**