UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:15-bk-07275-KSJ |
| | Chapter 11 |
| PROGRESSIVE PLUMBING, INC. | |
| | |
| PROGRESSIVE SERVICES, LLC and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No. 6:15-bk-07276-KSJ |
| CENTER, INC., | Case No. 6:15-bk-07277-KSJ |
| | |
| Debtors. | |
| _____/ | |
| | |
| PROGRESSIVE PLUMBING, INC., | |
| | |
| Plaintiff, | |
| | |
| v. | Adversary Proceeding No. |
| | No. 6:16-ap-00078-KSJ |
| KAST CONSTRUCTION III, LLC, a Florida | |
| limited liability company, and MICHAEL | |
| MACDONALD, an individual, | |
| | |
| Defendants. | |
| _____/ | |

**PLAINTIFF'S MOTION TO COMPEL RESPONSE TO REQUEST FOR
PRODUCTION AND THE PRODUCTION OF DOCUMENTS WITH
INCORPORATED MEMORANDUM OF LAW**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 14 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the Movant's attorney, Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 E. Colonial Drive, Suite 102, Orlando, FL 32801 and any other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider

1

that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Progressive Plumbing, Inc. ("Progressive"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 34 and 37(a)(3)(B)(iv), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7034 and 7037, hereby moves this Court for an Order compelling a response to Progressive's Request for Production and the Production of Documents pursuant to the Federal Rules of Civil Procedure, from Defendant, Kast Construction III, LLC ("Defendant") and in support thereof states as follows:

1. Progressive served its First Request for Production (the "Discovery") to Defendant on August 31, 2017, in accordance with all applicable rules. A true and correct copy of the Discovery is attached hereto as **Exhibit "1."**

2. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant had thirty (30) days to respond to Progressive's Discovery. Therefore, Defendant's response to the Discovery was due on or before September 30, 2017.

3. However, to date, Defendant has failed to respond to the Discovery. Further, Defendant has failed to make alternate arrangements for responding to the Discovery, and has failed to respond in any meaningful way to the Discovery.

4. Progressive's counsel has repeatedly contacted counsel for Defendant in an attempt to resolve this matter without the filing of the instant motion. Progressive's counsel corresponded by email with counsel for Defendant on October 11 and October 17. Counsel for Defendant assured Progressive's counsel that a response to the Discovery and responsive documents were being finalized on October 18 and would be produced the following day. However, Defendant has failed to either respond to the Discovery or produce any responsive documents.

## **MEMORANDUM OF LAW**

5.  By failing to respond to the Discovery, Defendant has failed to comply with the requirements contained in Fed. R. Civ. P. 34.

6.  Further, Fed. R. Civ. P. 37(a)(3)(B)(iv) clearly states that a:

party seeking discovery may move for an answer, designation, production, or inspection. This motion may be made if…a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Therefore, Progressive hereby moves for a response to Progressive's Discovery due to Defendant's failure to produce documents and failure to respond that an inspection will be permitted.

7.  Additionally, Fed. R. Civ. P. 37(a)(5)(A) mandates that this Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion."

8.  Defendant has failed to comply with the Federal Rules of Civil Procedure by failing to timely respond to Progressive's Discovery and failing to timely produce documents pursuant to that Discovery.

9.  As a result, this Court is in a position to compel an appropriate response to Progressive's Discovery from Defendant and the production of documents from Defendant in response to same.

WHEREFORE, Progressive respectfully requests that this Court enter an Order compelling Defendant to appropriately respond to Progressive's Discovery; produce responsive documents pursuant to that Discovery; granting Progressive's entitlement to the recovery of the reasonable expenses and attorneys' fees incurred in the bringing of this motion in accordance with Fed. R. Civ. P. 37(a)(5)(A); and for such other relief as the Court may deem just and proper.

## GOOD FAITH CERTIFICATION

Progressive, through their attorney, hereby certifies that it, as Movant, has brought the instant motion in good faith and has conferred or attempted to confer with the Defendant through their counsel in an effort to secure the information or material sought without court action. Progressive's counsel has repeatedly contacted counsel for Defendant in an attempt to resolve this matter without the filing of the instant motion. Progressive's counsel communicated with Defendant's counsel on October 11 and October 17 and counsel for Defendant assured Progressive's counsel that a response to the Discovery and responsive documents were being finalized on October 18 and would be produced the following day. However, Defendant has failed to either respond to the Discovery or produce any responsive documents.

Respectfully submitted,

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
Telephone: (407) 966-2680
Email: mnardella@nardellalaw.com
Secondary Email: afebres@nardellalaw.com
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

The undersigned, Michael A. Nardella, Esquire, hereby certifies that a true and correct copy of the foregoing was furnished via electronic means on October 25, 2017 to: Bart A. Houston, Esq. Houston Law Firm, 1401 E. Broward Blvd., Fort Lauderdale, Florida 33301 bhouston@thlglaw.com and dschena@thlglaw.com; and Justin M. Luna, Esq. Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, #1400, P.O. Box 3353 (32802-3353), Orlando, Florida 32801, jluna@lseblaw.com, bknotice@lseblaw.com, wrivera@lseblaw.com, mfranklin@lseblaw.com, and crivello@lseblaw.com; and all other parties participating in CM/ECF.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.

# Exhibit "1"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:15-bk-07275-KSJ |
| | Chapter 11 |
| PROGRESSIVE PLUMBING, INC. | |
| | |
| PROGRESSIVE SERVICES, LLC and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No. 6:15-bk-07276-KSJ |
| CENTER, INC., | Case No. 6:15-bk-07277-KSJ |
| | |
| Debtors. | |
| _____/ | |
| | |
| PROGRESSIVE PLUMBING, INC., | |
| | |
| Plaintiff, | |
| | |
| v. | Adversary Proceeding No. |
| | No. 6:16-ap-00078-KSJ |
| KAST CONSTRUCTION III, LLC, a Florida | |
| limited liability company, and MICHAEL | |
| MACDONALD, an individual, | |
| | |
| Defendants. | |
| _____/ | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KAST CONSTRUCTION III, LLC**

Plaintiff, Progressive Plumbing, Inc. ("Plaintiff"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 34, as made applicable to this proceeding by Fed. R. Bankr. P. 7034, hereby requests that Defendant, Kast Construction III, LLC ("Kast Construction" or the "Defendant") to produce the documents requested herein for inspection and/or copying within thirty (30) days from the date of service hereof.

1

## **INSTRUCTIONS**

1. You are required to furnish all information and/or documents in your possession, custody, or control, or in the possession, custody or control of your past and present agents, attorneys, accountants, advisors, or any other persons acting on your behalf.

2. You are required to furnish all information within your control as well as within your possession. If information and/or documents are not within your possession but are within your control, in the sense that it is possessed by a person who has a business or contractual relationship with you, or any person with who you normally deal, then you are required to make reasonable efforts to obtain the documents and include them with your responses.

3. Unless otherwise stated in a specific request herein, the time period covered by the following requests is the period between May 2013 including the present.

4. If any part of the following requests cannot be responded to in full, please respond to the extent possible and specify the reason(s) for your inability to respond to the remainder and state whatever information or knowledge you have relating to the portion to which you do not respond.

5. If there are no Documents responsive to a particular request, please state so in writing.

6. Any request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

7. Documents shall be segregated according to the number of the request to which you are responding or produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated. If a document is responsive to more

than one request, it may, if the relevant portion is so marked or indexed, be produced and referred to in one response.

8. Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

9. If you contend that the contents of any writing described in your answer to these requests are protected from disclosure by virtue of any claim of privilege, furnish a list specifying each such Document and setting forth the following information:

    (a)    the reason for withholding the Document;
    (b)    a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;
    (c)    a brief description of the Document including;
        i.    the date of the Document;
        ii.    the number of pages, attachments, and appendices;
        iii.    the names of the author, authors or preparers and an identification by employment and title of each such person;
        iv.    the name of each person who was sent, shown, or blind copied or carbon copied on the Document, who sent the Document, who had access to, or custody of, the Document, together with an identification of each such person;
        v.    the present custodian;
        vi.    the subject matter of the Document, and in case of any Document relating to or referring to a meeting or conversation, identification of such meeting or conversation.

10. If any Document or part of a Document identified on your responses to these requests was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a list setting forth for each such Document or part of a Document the information specified as follows:

    (a)    the type of Document;
    (b)    the date of the Document;

  (c) the person(s) who prepared or authored the Document, and, if applicable, the person(s) to whom the Document was sent or shown;
  (d) the present location and custodian;
  (e) the number of pages of the Document;
  (f) a description of the Document(s) or a description of the contents of the Documents (subject to appropriate privilege);
  (g) specify, if possible, the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reason(s) for such destruction and the persons(s) requesting and performing the destruction.

11. Each request for production of documents is to be deemed continuing in nature. If, after serving any requested document, you obtain any further documentation pertaining to that request for production, you are to serve a supplemental response and provide the additional documents.

12. If the original copy of any of the foregoing documents is not available, this request shall apply to any copy of the documents that is in your possession.

13. <u>Production of Documents in Electronic Format</u>.  As to all electronically stored information and Documents or communications existing in electronic format, including, but not limited to, emails, please provide diskettes containing such data, CDR discs, or another portable storage media.  *All Documents existing in electronic format shall be provided in their native format with accompanying metadata* (for example, but not by way of limitation, emails sent or received using Microsoft Outlook should be produced on CDR disc in ".PST" format).

## **DEFINITIONS**

Unless specifically indicated otherwise, the following definitions shall be applicable herein.

1. The terms "and" and "or" are to be treated as synonymous and interchangeable as sometimes indicated by usage of the term "and/or;" the word "all" means "any and all;" the word "any" means "any and all;" the word "including" means "including without limitation;" and the

singular shall include the plural and the plural shall include the singular, except as the context may otherwise require.

2.     The terms "Document" or "Documents" shall mean the original and any non-identical copies (whether different from the original because of notations made on or attached to a copy or otherwise), of any written, graphic, or otherwise recorded matter however produced, and drafts and both sides thereof, whether inscribed by hand, printed, created and stored on computer software or hardware, or recorded by mechanical, electronic, microfilm, photographic, phonic, or any other means including material printed or recorded electronically or magnetically or stored in any type of data bank, computer, or storage device including, but not limited to, the following: abstracts, address books, advertisements, advertising materials, agendas, agreements, analyses of any kind, appointment books, audio cassettes, bids, billings, bulletins, books, books of account, brochures, calendars, catalogs, charts, checks and canceled checks, agreements, checklists, circulars, communications, compilations, computer files and programs, consultant's reports, contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, directories, diskettes, drafts, drawings, electronic mail, Electronically Stored Information (as defined below), estimates, evaluations, expense records, experts' reports or studies, facsimiles, films, financial statements or calculations, floppy disks, flyers, graphs, instructions, intra-corporate communications, inspection records, sheets and reports, invoices, layouts, leaflets, ledgers, letters, licenses, lists, logs, mailings, manuals, maps, memoranda, minutes, movies, notes, notebooks, opinions, outlines, organizational charts, tables, pamphlets, permits, photographs, pictures, prints, projections, promotional materials, press releases or clippings, publications, procedures, quotations, records, recordings, renderings, reports, schedules, scripts, sketches, slides, specifications, statistical analyses, studies, summaries, tabulations, tallies, tapes, tape

recordings, telegrams, teletype messages, telefax messages, telephone logs, time sheets, transcripts, undertakings, work assignments, worksheets, video cassettes, videotapes, papers and files, summaries of personal conversations or interviews, minutes, notes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, computer stored matter, magnetic tapes, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, records and paper and things similar to any of the foregoing, however denominated, specifically including any information stored at any time in any electronic media, including active, inactive, and archived files which are or can be made available for retrieval from any electronic storage media including hard disks, optical disks, tape storage and the like, in the possession, custody, or control of you, your agents, or your attorneys and their agents. Document shall also mean the transcript of any deposition taken in any other action, which contains information called for by a request.

3. The term "communication" or "communications" means any interchange, expression, conveyance, signal, delivery, or transmission of thoughts, opinions, or information and includes, but is not limited to, e-mail, voice-mail, text messaging, instant or online messaging, calendar data, correspondence, facsimiles, electronic file sharing, in-person meetings, recordings, telephone or conference calls, on-line chats, and any form of video or internet conferencing.

4. The terms "Electronically Stored Information" or "ESI" shall include all electronic information permitted under Rule 34 of Federal Rules of Civil Procedure, including, without limitation: word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be kept with the email); instant messages; text messages; log files; source code; compressed files; voice mail; audio, video, and

6

audiovisual recordings; databases and database subsets; and other user, or machine created, computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an intranet, archives, discs, CDs, DVDs, other optical media, diskettes, drives, zip drives, tapes, cartridges, other magnetic media, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, Blackberries, iPods, MP3 players, pagers, and voicemail systems.

5.    The terms "Person" or "Persons" shall include not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business, or government entities, and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof, and arrangements of every nature and type.

6.    "Regarding" and "Regard" shall be construed broadly and include all that refers to, relates to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, states, or involves a given matter in any way.

7.    The term "Booster System" shall mean a custom built temporary booster hydraulic pump based off of a 2008 Vickery Model 1VC-G-TH(X).

8.    The term "Complaint" shall mean the Complaint filed in this proceeding on August 8, 2016.

9.    The term "Kast," "Defendant," "You" and "Your" shall mean Defendant, Kast Construction III, LLC, and its agents, persons acting on its behalf, and corporations or other legal entities, other than publicly traded entities, that it controls or in which it has an ownership or beneficial interest.

10. "MacDonald" shall refer to Michael MacDonald, Defendant.

11. The term "NPB Contract" shall refer to the subcontract agreement dated January 12, 2015, between Progressive and Kast for plumbing subcontractor services at The Water Club – North Palm Beach, Florida for a total contract value of $4,684,257.00.

12. "Progressive" shall refer to Progressive Plumbing, Inc., its agents, officers, directors, shareholders and employees, its assignors; merged, consolidated or acquired predecessors or successors; divisions, affiliates, units and subsidiaries, whether or not wholly owned; including, but not limited to, all other persons acting or purporting to act on its behalf; experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action, including, but not limited to, its attorneys.

13. The term "STP Contract" shall refer to the subcontract agreement dated May 20, 2013, between Progressive and Kast, for plumbing subcontractor services at The Water Club in St. Petersburg, Florida.

14. The term "Pinnacle Plumbing" shall refer to Pinnacle Plumbing, Inc., and its agents, persons acting on its behalf, and corporations or other legal entities, other than publicly traded entities, that it controls or in which it has an ownership or beneficial interest.

15. The term "Project" shall refer to the project for construction of The Water Club – North Palm Beach, Florida.

## DOCUMENTS TO BE PRODUCED

1. Your entire non-privileged file for the Project.

2. All documents and communications, including internal emails, related to Progressive and the Project.

8

3. All documents, including but not limited to letters, text messages, e-mails, and all other forms of communication relating to and supporting Kast's decision to send the January 30, 2015, default letter to Progressive.

4. All documents, including but not limited to letters, text messages, e-mails, and all other forms of communication between any employee or agent of Kast and Bob Vail of Kolter Urban relating to Kast's January 30, 2015, default letter to Progressive.

5. All documents, including but not limited to letters, text messages, e-mails, and all other forms of communication on or about February 2 – 6, 2015, related to Kast and/or MacDonald's communications with Progressive about the Project.

6. All contracts between Kast and Domani Development, LLC, related to the Project.

7. All documents, minutes, or other records relating to the March 5, 2015, job coordination meeting related to the Project.

8. All documents relating to any contract with Pinnacle Plumbing related to the Project, including all emails regarding the negotiation of any contract.

9. All documents relating to Kast's solicitation of bids and selection of contractors intended to replace Progressive on the Project.

10. All documents, including but not limited to letters, text messages, e-mails, and all other forms of internal communication relating to Kast's decision to terminate the NPB Contract.

11. All documents evidencing the location and disposition of the Booster System.

12. All documents, including internal communications, related to the Booster System.

13. All documents to support your claim of set-off of the STP Contract with amounts allegedly due from Progressive on the NPB Contract.

9

14. All documents to support your claim that Progressive owes Kast any amounts on the STP Contract.

15. All documents to support your claim that Progressive owes Kast any amounts on the NPB Contract.

16. All communications, including electronic communications, between Pinnacle Plumbing and Kast related to Pinnacle Plumbing's scope of work on the Project.

17. All communications, including electronic communications, between Pinnacle Plumbing and Kast related to Progressive and the Project.

18. All communications, including internal communications, regarding the terms of the NPB Contract, including communications regarding any proposed change to a cost-plus structure.

19. All documents related to Kast's work on the Project that evidence payment to Kast related to the Project.

20. Documents sufficient to show all payments from Kast to Progressive for Progressive's work on the Project.

21. All internal Kast communications related to any decision on making payments or not making payments to Progressive for Progressive's work on the Project.

22. Documents sufficient to show all payments from Kast to Pinnacle Plumbing for Pinnacle Plumbing's work on the Project.

23. All documents related to change orders, singed or unsigned, for the STP Contract and related to Progressive, including any communications, internal or with Progressive, regarding any such change orders.

Respectfully submitted this 31st day of August, 2017.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
afebres@nardellalaw.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically on the 31st day of August, 2017, to:

Bart A. Houston, Esq.
Houston Law Firm
1401 E. Broward Blvd.
Fort Lauderdale, Florida 33301
bhouston@thlglaw.com; dschena@thlglaw.com
*Counsel for Defendants*

Justin M. Luna, Esq.
Latham, Shuker, Eden & Beaudine, LLP
111 N. Magnolia Avenue, #1400
P.O. Box 3353 (32802-3353)
Orlando, Florida 32801
jluna@lseblaw.com; bknotice@lseblaw.com; wrivera@lseblaw.com; mfranklin@lseblaw.com; crivello@lseblaw.com
*Counsel for Defendants*

/s/ Michael A. Nardella
Michael A. Nardella, Esq.