ORDERED.

**Dated:  May 13, 2019**

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 6:15-bk-07275-KSJ |
| | Chapter 11 |
| PROGRESSIVE PLUMBING, INC. | |
| | |
| PROGRESSIVE SERVICES, LLC and | Jointly Administered with |
| GRACIOUS LIVING DESIGN | Case No. 6:15-bk-07276-KSJ |
| CENTER, INC., | Case No. 6:15-bk-07277-KSJ |
| | |
| Debtors. | |

_____/
PROGRESSIVE PLUMBING, INC.,

     Plaintiff,

v.                                                                                    Adversary Proceeding No.
                                                                                        No. 6:16-ap-00078-KSJ

KAST CONSTRUCTION III, LLC, a Florida
limited liability company, and MICHAEL
MACDONALD, an individual,

     Defendants.
_____/

### MEMORANDUM OPINION AWARDING ATTORNEYS' FEES AND COSTS

In this construction dispute between a plumbing sub-contractor, the Debtor Progressive

Plumbing ("Progressive"), and a general contractor, Kast Construction III, LLC ("Kast"), I already

have determined Kast owes Progressive $240,124.[1] The only remaining issue is whether

Progressive may recover its attorneys' fees and costs[2] from Kast, who objects.[3] The Court awards

reduced attorneys' fees of $127,370.61 and costs of $15,744.50 for Progressive and against Kast.

## **Progressive is Entitled to Reasonable Attorneys' Fees**

Progressive specializes in complicated commercial plumbing installations and was hired

by Kast as its plumbing sub-contractor on at least two projects—one in St. Petersburg, Florida

("STP") and the other in North Palm Beach, Florida ("NPB").[4] Debtor brought this adversary

proceeding against Kast claiming it is owed for work completed on these two projects and Kast

failed to return a "Booster Pump" used to maintain water pressure on the NPB project.[5]

Both the NPB and STP contract contemplate an award of attorneys' fees.[6] Article 26 of

the NPB Contract provides:

> (a) Should Subcontractor at any time: …(v) fail in the Contractor's
> opinion in the performance or observance of any of the covenants,
> conditions, or other terms of this Subcontract.
> (b) Then in any such event…Contractor shall…have the right to
> exercise any one or more of the following remedies:
> …
> (iv) recover from Subcontractor all losses, damages, penalties and
> fines, whether actual or liquidated, direct or consequential
> (including without limitation any increase in Contractor's cost of
> insurance resulting from Subcontractor's failure to maintain
> insurance coverage required hereunder, and all reasonable
> attorney's fees suffered or incurred by Contractor by reason of or as
> a result of Subcontractors default.

---

[1] Doc. No. 101. Another defendant, Michael MacDonald, a project supervisor for Kast, is not liable for any of the damages. The Memorandum Opinion and Partial Judgment for Progressive Plumbing was entered after a two-day trial held on August 15 and 16, 2018.

[2] Plaintiff's counsel was directed to submit fee affidavits on or before February 1, 2019. Doc. No. 101. Progressive seeks attorneys' fees of $182,052 (before any voluntary reduction) and expenses of $15,744.50. Doc. No. 106. Any responses or objections were due by March 1, 2019. Kast moved for an extension, and the Court granted the extension through March 8, 2019. Doc. Nos. 107, 108.

[3] Doc. No. 110.

[4] Doc. No. 101.

[5] *Id.*

[6] Progressive's Exhs. 1, 14.

The STP Contract has identical provisions in Article 26(a)(e), (b)(iv).[7]

Florida law also equalizes the recovery of attorneys' fees by providing that, if a contract awards one party reasonable attorneys' fees, the other party may have such recovery it if is the prevailing party. Section 57.105(7), Florida Statutes provides:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

"Section 57.105(7) of the Florida Statutes allows for the recovery of fees and costs by a prevailing party where there is an enforceable contract containing a fee award provision."[8] Here, Progressive is the prevailing party and may recover reasonable fees from Kast under both contracts.[9]

Kast does not strenuously object to this conclusion but argues Progressive's fees are limited to legal work connected to Progressive's claims under the two contracts and unrelated to Progressive's other claims for fraud and conversion. The Court rejects this argument.

Progressive's claims for breach of contract and fraud/conversion sought the same remedy—to recover under the contracts. The contracts and the fraudulent/conversion claims arose from the same "core facts;" Progressive did not seek to duplicate the damages awarded for breach

---

[7] Progressive's Exh. 14.

[8] *Kaplus v. Lorenzo (In re Lorenzo)*, 434 B.R. 695, 707 (Bankr. M.D. Fla. 2010).

[9] In the alternative, Progressive argues it is entitled to reasonable attorneys' fees because it served the Proposal for Settlement in accord with Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442. The Proposal was served on June 28, 2018. Kast did not accept the settlement, which expired on July 28, 2018. This Court awarded a judgment for Progressive for $240,124, which is more than 25% higher than Progressive's offer of $189,500. Kast, however, argues the proposal was insufficient. The Court agrees. Rule 1.442(c)(2)(C)–(D) requires the offeror to "state with particularity any relevant conditions" of the proposal and to "state with particularity all nonmonetary terms of the proposal." The Proposal has a general release clause releasing "all claims that could have been brought." This clause is broad because it could encompass claims that are extrinsic to this litigation. Further, the Proposal was directed only to Kast and not MacDonald the co-defendant. Under theories of respondeat superior, any judgment against MacDonald could have later been enforced against Kast as his employer. It is ambiguous whether this claim was being released in the Proposal. Progressive, however, still may recover its reasonable attorneys' fees and costs under the contract documents, Fed. R. Civ. P. 54(d)(1), and Fla. Stat. § 57.105(7).

of the contracts.[10] Instead, Progressive argued, and the Court accepted, that Kast perpetrated fraud and conversion while simultaneously breaching the contracts.

Other courts awarding attorneys' fees conclude that prevailing parties need not separate legal fees between those incurred in enforcing a contract versus fees incurred in litigating related legal claims if the core facts are identical.[11] "Where the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought."[12] Here, the facts required to prove Kast's contractual breaches are identical to those needed to establish Progressive's claims for fraud and conversion. Progressive need not distinguish the legal time and may recover all reasonable attorneys' fees.

### Reasonable Attorneys' Fees Total $127,370.61

The Court tested the fees sought by Progressive's lawyers under the *Johnson* lodestar analysis that initially multiplies an attorney's reasonable hourly rate by the number of hours reasonably expended. A bankruptcy court can adjust and must explain the lodestar calculation, upward or downward, after considering the following twelve (12) factors laid out in *Johnson v. Georgia Highway Express, Inc.*:[13]

> (1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee

---

[10] *See*, *e.g.*, *Ghodrati v. Miami Paneling Corp.*, 770 So. 2d 181, 183 (Fla. 3d Dist. Ct. App. 2000) ("Punitive damages are generally not recoverable for a breach of contract unless it is accompanied by a separate and independent tort claim…. A plaintiff … may not recover damages for fraud that duplicates damages awarded for breach of contract.")

[11] *Prato v. Hacienda Del Mar, LLC*, No. 2:08-CV-883-FTM-29, 2011 WL 3875373, at *3 (M.D. Fla. Aug. 31, 2011); *Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 315 (Fla. 4th Dist. Ct. App. 2007) ("Because the fraud and contract claims arose from the same 'common core' of facts…, they were not clearly beyond the scope of a 501 proceeding… The trial court correctly awarded attorney's fees for attorney time spent on the fraud and contract claims.")

[12] *Anglia Jacs & Co., Inc. v. Dubin,* 830 So. 2d 169, 172 (Fla. 4th Dist. Ct. App. 2002).

[13] 488 F.2d 714 (5th Cir. 1974) (abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92, 109 S. Ct. 939, 944, 103 L. Ed. 2d 67 (1989)).

> is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[14]

Professionals, for example, must "exclude any excessive, unnecessary, or redundant hours from their fee applications."[15]

Progressive hired Nardella & Nardella, PLLC to represent it in this adversary proceeding. The firm billed $182,052 in fees.[16] Attorneys billed 643.9 hours for $169,355.50, reflecting a blended hourly rate of $263.[17] Legal assistants billed 98.9 hours for $12,696.50, reflecting a blended hourly rate of $128.[18] Kast does not dispute the reasonableness of the hourly rate charged by Nardella & Nardella, which the Court finds very reasonable and likely low. Kast also does not dispute the fees charged for legal assistant time of $12,696.50.

Kast however argues the *attorneys* spent an unreasonable number of hours on this litigation. For example, Kast contends the initial associate working on this case, Christian Graham, was replaced by a newer lawyer, John Bennett, resulting in duplicative work.[19] Kast also argues two attorneys did not need to attend hearings and depositions when one attorney was sufficient. Kast generally argues the attorney fees are excessive and unreasonable.

---

[14] *Id.* at 714.
[15] *In re Blue Stone Real Estate*, 487 B.R. 573, 577 (Bankr. M.D. Fla. 2013) (citing *Franklin v. Hartford Life Ins. Co.*, No. 8:07-cv-1400-T-23MAP, 2010 WL 916682, at *3 (M.D. Fla. March 10, 2010) and *ACLU of Ga. v. Barnes*, 168 F.3d 423 (11th Cir. 1999)). *See also Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985) holding modified by *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). *See also Brook v. JP Morgan Chase Bank, N.A. (In re Burdett)*, No. 8:09-AP-00390-KRM, 2015 WL 150848, at *2 (Bankr. M.D. Fla. Jan. 12, 2015) ("Florida courts accept the federal lodestar approach as the starting point for determining a reasonable fee award.").
[16] Doc. No. 106.
[17] *Id.*
[18] *Id.*
[19] *Id.*

Nardella & Nardella, anticipating Kast's objection, voluntarily has agreed to reduce its attorney's fees by roughly $20,000.[20] The issue is whether this $20,000 reduction addresses Kast's concerns. The Court concludes it does.

After reviewing the attorney billing records, the Court identified several examples of over-staffing, duplicative work, or ambiguous time entries. For example, John Bennett, the newer associate lawyer, reviewed the same pleadings previously analyzed by Christian Graham.[21] Both Mr. Bennett and his partner, Michael Nardella, prepared for and attended the same depositions.[22] Two attorney time entries are blank, failing to explain the task completed.[23] Other inefficiencies likely exist. Overall, the Court however concludes the $20,000 voluntary reduction offered by Nardella & Nardella is more than fair to correct this imbalance.

The Court also cannot ignore that at least $35,000 of the attorneys' fees sought relate to Kast's dilatory actions in failing to timely produce documents and respond to discovery requests.[24] After months of efforts and incurring considerable unnecessary attorneys' fees, Progressive eventually asked and was awarded sanctions against Kast for $35,000, which they paid.[25] And, Nardella & Nardella will deduct this entire sanction payment of $35,000 from the fees they now seek.

In conclusion, the Court finds fees of $127,370.61 are reasonable and no further lodestar analysis, upward or downward, is required. The amount is calculated like this: $182,052 (Total

---

[20] The exact reduction offered by Nardella & Nardella is $19,681.39.

[21] Doc. No. 106, Exh. 2, *Compare* p. 34 with pp. 80-89.

[22] Nardella & Nardella took the deposition of Defendant, Michael Macdonald between June 25 and June 27, 2018. Mr. Bennett billed $6,070 to prepare, travel, and take the deposition. Mr. Nardella billed an additional $2,370. Doc. No. 106, Exh. 2, pp. 93, 96. The firm took the deposition of Mr. Whitman between July 4 and July 6, 2018. Mr. Bennett billed $3,952.50, and Mr. Nardella billed $1,800. *Id*. at p. 98.

[23] *Id*. at pp. 21, 76.

[24] Doc. No. 49.

[25] *Id.*

requested fees for attorneys and legal assistants) - $19,681.39 (voluntary reduction offered by Nardella & Nardella) - $35,000 (sanction payment made by Kast) = $127,370.61.

### **Progressive is Entitled to Reasonable Costs**

Nardella & Nardella is seeking costs of $15,744.50.[26] This amount includes $4,031.35 for copying and printing; $9,251.80 for court reporter attendance and transcript fees; $697.80 for service of process; $45.75 for witness fees, $21.48 for postage/ FedEx charges; and $1,696.32 for travel costs to attend depositions.

All of these costs are awardable under the contracts between the parties. Article 26(g) of the NPB Contract and STP Contract provided "should any termination for default under Article 26(iii) be determined to be invalid, improper or wrongful, such termination shall be deemed to have been a termination for convenience as provided in Article 28 below."[27] Article 28(b) of both the NPB Contract and STP Contract provided: "If terminated for convenience, Subcontractor shall be entitled to be paid all costs of all Work provided hereunder **including reasonable and necessary costs of termination**, as determined in accordance with the method set forth in Article 8 above, together with the Profit Percentage attributable to the costs so determined."[28]

Further, the majority of these costs are allowable as taxable costs under Federal Rule of Civil Procedure 54(d)(1).[29] This rule provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than [attorneys'] fees—should be allowed to the prevailing party." In turn, 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs:
>> (1) Fees of the clerk and marshal;
>> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[26] Doc. No. 106, Composite Exh. B, pp. 3-4.
[27] Progressive's Exhs. 1, 14.
[28] *Id.*
[29] This rule is applicable in this adversary proceeding through Fed. R. Bankr. P. 7054.

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case.

Progressive may be reimbursed for its reasonable costs. Although Kast nitpicks Progressive's costs, the Court finds all requested costs are reasonable and will award Nardella & Nardella costs of $15,744.50.

### Conclusion

Progressive and its lawyers, Nardella and Nardella, are awarded reasonable attorneys' fees of $127,370.61, and reasonable costs of $15,744.50. A separate Final Judgment for Progressive and against Kast awarding both the underlying liability amount of $240,124, and these attorneys' fees and costs simultaneously shall enter.

###

The Clerk is directed to serve a copy of this order on interested parties who are non-CM/ECF users.